UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                          Case No. 8:21-cv-1042-KKM-SPF

BARBARA C. WALZ and
ERNEST C. MOCZIK,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Summary Judgment as to the United States' Claims Against Defendant Ernest C. Moczik (Doc. 39), Response by Defendant Ernest C. Moczik to Plaintiff's Motion for Summary Judgment (Doc. 45), and Plaintiff's Reply in Support of Summary Judgment (Doc. 47). For the reasons explained below, the undersigned recommends that Plaintiff's Motion be granted.

    **I.**    **BACKGROUND**

Plaintiff, the United States of America, brought this action to obtain: (1) a monetary judgment against Defendant Ernest C. Moczik for unpaid individual federal income tax liabilities for the 2005 and 2006 tax years; and (2) a declaratory judgment that the United States holds valid federal tax liens for these liabilities that are enforceable against Mr. Moczik's interest in the real property located at 621 Kingston Court, Apollo Beach, Florida 33572 (the "Subject Property"). Plaintiff now moves for summary judgment. Defendant opposes Plaintiff's Motion with respect to the 2006 tax year only, arguing that the statue of limitations has expired and the United States is time-barred from collection.

## II. UNDISPUTED FACTS

1. Mr. Moczik was required to file federal income tax returns (Form 1040) with the Internal Revenue Service ("IRS") for the 2005 and 2006 tax years (Doc. 38, ¶ 1).

2. Mr. Moczik's federal income tax returns for 2005 and 2006 were selected for examination by the IRS. After completing those examinations, the IRS assessed additional tax owed against Mr. Moczik in the amount of $87,393.00 for 2005 and $85,991.00 for 2006, plus interest and penalties (*Id.*, ¶ 3).

3. A delegate of the Secretary of Treasury made the following individual federal income tax assessments against Mr. Moczik:

| Tax Year | Assessment Date | Type of Assessment | Amount |
|---|---|---|---|
| 2005 | September 6, 2010 | Additional Tax Per Examination | $87,393.00 |
| | | Interest | $19,721.79 |
| | November 13, 2017 | Late Payment Penalty | $21,376.66 |
| | April 26, 2021 | Interest | $48,711.34 |
| 2006 | May 2, 2011[1] | Additional Tax Per Examination | $85,991.00 |
| | | Interest | $19,400.17 |
| | August 29, 2011 | Late Payment Penalty | $3,009.68 |
| | November 16, 2015 | Interest | $16,048.67 |
| | | Late Payment Penalty | $18,488.06 |
| | November 14, 2016 | Interest | $5,071,82 |
| | November 13, 2017 | Interest | $5,823.18 |
| | November 12, 2018 | Interest | $7,025.03 |
| | November 11, 2019 | Interest | $8,790.01 |
| | November 9, 2020 | Interest | $7,159.43 |

(Doc. 39-1, ¶ 7; Doc. 39-2; Doc. 39-3).

4. A delegate of the Secretary of the Treasury properly gave notice of the tax, penalty, and interest assessments to Mr. Moczik and made demand for payment (Doc. 39-1; ¶ 17).

5. Mr. Moczik litigated his federal income tax liabilities for the 2005 tax year in

---

[1] Mr. Moczik disputes the date of this assessment (*See generally* Doc. 43).

U.S. Tax Court, which he ultimately resolved by stipulation with the IRS (Doc. 38, ¶¶ 4–8).

6.     On January 10, 2011, Mr. Moczik signed an IRS Form 4549 (Income Tax Examination Changes) for the 2006 tax year, by which he consented to the immediate assessment and collection of the increase in tax in the amount of $85,991.00 indicated on that form (Doc. 38, ¶ 9; Doc.38-3)

7.     On April 20, 2016, a delegate of the Secretary of the Treasury recorded a Notice of Federal Tax Lien in the public records of Hillsborough County against Mr. Moczik for his unpaid federal income tax liabilities for the 2006 year. A delegate of the Secretary of the Treasure timely refiled the Notice of Federal Tax Lien on September 23, 2020 (Doc. 39-1, ¶ 18; Doc. 39-4).

8.     Mr. Moczik's federal income tax liabilities for the 2005 and 2006 years remain unpaid. As of May 15, 2022, Mr. Moczik owes $346,391.77 in unpaid federal income tax, interest, and penalties for the 2005 and 2006 tax years (Doc. 38, ¶ 10; Doc. 39-1, ¶ 23; Doc. 39-6; Doc. 39-7; Doc. 43, ¶ 11).

9.     Mr. Moczik and Barbara Walz own the Subject Property at located at 621 Kingston Court, Apollo Beach, Florida 33572 as tenants by the entirety with full rights of survivorship (Doc. 38, ¶ 11).

**III.   ANALYSIS**

Summary judgment is appropriate if all the pleadings, discovery, affidavits, and disclosure materials on file show there is no genuine disputed issue of material fact, and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a) and (c). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of

*material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A fact is material if it is a legal element of the claim that may affect the outcome under the substantive governing law. *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir. 1997). A dispute about a material fact is "genuine" if a reasonable jury could find for the non-moving party. *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, the court must view the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party and must resolve any reasonable doubts in the non-movant's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007).

The non-moving party, however, "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-movant must go beyond the pleadings and "identify affirmative evidence" that creates a genuine dispute of material fact. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998). "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England,* 432 F.3d 1321, 1326 (11th Cir. 2005) (citing *Bald Mtn. Park, Ltd. v. Oliver,* 836 F.2d 1560, 1563 (11th Cir. 1989)). Moreover, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson,* 477 U.S. at 252).

### A. Count II – Reduce Unpaid Tax Liabilities to Judgment

In Count II of the Complaint, Plaintiff seeks to reduce Defendant's unpaid individual income tax liabilities to a judgment. Plaintiff alleges that Defendant owes $346,391.77 in additional taxes for tax years 2005 and 2006, interest, and late payment penalties. In support

4

of this assertion, Plaintiff has provided the declaration of Revenue Officer David Banner (Doc. 39-1) and Certificates of Assessments, Payments, and Other Specified Matters (or Forms 4340) for Tax Years 2005 and 2006 (Doc. 39-2; Doc. 39-3).

An assessment is a procedure by which the IRS records the liability of a taxpayer. *Behren v. United States*, 82 F.3d 1017, 1018 n.1 (11th Cir. 1996) (citing 26 U.S.C. § 6203; 26 C.F.R. § 301.6203-1). To reduce that assessment to a judgment, "the Government must first prove that the assessment was properly made." *United States v. White*, 466 F.3d 1241, 1248 (11th Cir. 2006). The submission of Certificates of Assessment creates a presumption that the assessments were proper. *Id.*; *see also Welch v. Helvering*, 290 U.S. 111, 114–15 (1933); *United States v. Morgan*, 419 F. App'x 958, 959 (11th Cir. 2011). Furthermore, the Certificates are sufficient to show the amount still owed. *United States v. Chila*, 871 F.2d 1015, 1017–1018 (11th Cir. 1989). And once the Certificates are provided, the burden of proof shifts to the taxpayer, who "must then prove that the assessment is erroneous in order to prevail." *White*, 466 F.3d at 1248.

In his opposition, Defendant does not offer any evidence to contradict or otherwise challenge the assessments for tax year 2005. Thus, the undersigned recommends granting summary judgment in favor of Plaintiff for tax year 2005. Defendant does, however, make two arguments in his opposition regarding the 2006 tax year. First, he argues that Plaintiff's claim is barred by the statute of limitations.[2] Second, he argues that the Certificate of Assessments for the 2006 tax year is not entitled to a presumption of correctness because it was prepared after the expiration of the statute of limitations. For the reasons explained

---

[2] The statute of limitations was tolled for the 2005 tax year during the U.S. Tax Court proceedings. *See* 26 U.S.C. § 6330(e)(1).

5

below, Mr. Moczik's challenges to the 2006 assessments fail, and the United States is entitled to summary judgment in its favor on Count II of the Complaint.

       *i.*    *Statute of Limitations*

Mr. Moczik argues that the United States is time-barred from collecting against him for tax year 2006 because the statute of limitations expired on January 10, 2021—over three months before the government filed suit on April 30, 2021 (*See* Doc. 1). In particular, Mr. Moczik argues that the limitations period began to run on January 10, 2011, when Mr. Moczik signed a Form 4549.[3] In response, the United States argues that a Form 4549 is not an assessment, but rather a notice of liability and consent to the IRS *later* assessing that liability (Doc. 47).

With regard to the statute of limitations in collection proceedings, the Internal Revenue Code provides that, "[w]here the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in any court, but only if the levy or proceeding has begun--(1) within 10 years after the assessment of the tax." 26 U.S.C. § 6502. Pursuant to 26 U.S.C. § 6203, assessments are made "by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." 26 U.S.C. § 6203. In practice, the IRS makes assessments by having an assessment officer sign the

---

[3] A Form 4549 is the audit report form used by the IRS to reflect adjustments to taxable income and the taxpayer's corrected tax liability after examination. *See* Internal Revenue Manual ("IRM") § 4.10.8.2.2(2) (March 25, 2021). "Taxpayers who sign a Form 4549—thereby consenting to the IRS's assessment of taxes for a given year—'cannot [later] challenge the tax liability to which they have consented' at a CDP hearing." *Duncan v. Comm'r on Internal Revenue*, 890 F.3d 192, 198 (5th Cir. 2018) (alteration in original) (quoting *Aguirre v. Comm'r*, 117 T.C. 324, 327 (2001)).

summary record of assessment. *See* 26 C.F.R. § 301.6203-1. "The date of the assessment is the date the summary record is signed by an assessment officer." *Id.*

Here, the Certificate of Assessments provided by Plaintiff for tax year 2006 states that additional tax was assessed by examination regarding an "agreed audit deficiency" in the amount of $85,991.00. It also states that interest was assessed in the amount of $19,400.17. The Certificate includes a column titled "Assessment Date" which lists the date for these assessments as May 2, 2011 (Doc. 39-3 at 2). Plaintiff argues that this date is the controlling date for purposes of the statute of limitations. Defendant, on the other hand, argues that the date of assessment was January 10, 2011, as evidenced by the Form 4549 signed on that date.

As set forth above, once Certificates of Assessments are provided, they are presumed to be correct and the burden shifts to the defendant to prove the assessment is erroneous. *See, e.g.*, *White*, 466 F.3d at 1248 (stating that the Government's submission of a Form 4340 establishes a presumption that the assessment was properly made, and "[o]nce the Form is provided, the taxpayer must then prove that the assessment is erroneous in order to prevail"). This presumption of correctness also extends to the date of assessment of the Certificate. *See United States v. Red Stripe, Inc.*, 792 F. Supp. 1338, 1341 (E.D.N.Y. 1992) ("The date of assessment found in the certificate is also presumptively valid."); *Johnson v. United States*, 861 F. Supp. 2d 609, 619 (D. Md. 2012) ("[T]he Forms 4340 submitted by the Government are presumptively valid, . . . and the Court may rely on their notation that the assessment occurred on June 14, 2005, in resolving Mr. Johnson's statute of limitations argument."); *United States v. Zarra*, 810 F. Supp. 2d 758, 764 (W.D. Pa. 2011) ("By submitting the Zarras' Form 4340, which confirms the assessment date, the government sufficiently demonstrated that a valid tax assessment occurred on July 3, 2000."). Moreover, "[t]he ultimate burden of proof on the

7

limitations defense always rests on the taxpayer." *United States v. Bode*, 546 F. Supp. 3d 1317, 1321 (S.D. Fla. 2021) (quoting *Feldman v. Comm'r of Internal Revenue*, 20 F.3d 1128, 1132 (11th Cir. 1994)).

Here, the sole evidence Mr. Moczik has presented to rebut the Certificate's presumption of correctness is the signed Form 4549. This is insufficient to call into question the accuracy of the Certificate of Assessments. Mr. Moczik relies on *Perez v. United States*, 312 F.3d 191, 195 (5th Cir. 2002) in support of the proposition that "[a] signed Form 4549 evidences the date of the tax assessment" (Doc. 43 at 4). As the United States points out, however, *Perez* does not stand for the proposition that an assessment occurs on the date a taxpayer signs a Form 4549. Instead, *Perez* merely states that Forms 4340 and 4549 are suitable forms of evidence that an assessment was made and notice of the liability was given. 312 F.3d at 195 ("There is also substantial precedent that IRS Forms 4340 and 4549 are appropriate sources evidencing the IRS's assessment and notice of tax arrears.").

Moreover, as set forth above, the date of assessment is the date the summary record is signed by an assessment officer. 26 C.F.R. § 301.6203-1. The Fifth Circuit has emphasized the importance of this discrete act:

> It appears to us that the requirement of the applicable Treasury Regulation-that an assessment officer sign the assessment certificate- is consistent with the literally mechanical procedures for recording of liability. The recordation is to be accomplished through 'machine operations', but the actual and final assessment step, that step which establishes a prima facie case of taxpayer liability, can be taken only with the approval of a responsible officer of the Internal Revenue Service. The Government may want to postpone assessment in certain cases because of the limitations on collection and lien perfection that begin to run at the time of assessment. This might be accomplished, after the computers have run their course, only by the assessment officer refusing to sign the already prepared certificate. What is important in any case is that assessment is not automatic upon recordation; it requires the action of an assessment officer. That action, as defined explicitly in the Treasury Regulations, is the signing of the certificate.

*Brafman v. United States*, 384 F.2d 863, 867 (5th Cir. 1967) (footnotes omitted).  Thus, the fact that Mr. Moczik signed a Form 4549 in January 2011 is not inconsistent with an Assessment Officer later signing the summary record in May 2011.  In other words, Mr. Moczik "has not identified any facts or evidence that would overcome the presumptive validity of the Certificate of Assessment or the date of assessment provided therein." *United States v. Roche*, No. 04-61479-CIV, 2005 WL 3462275, at *1 (S.D. Fla. Nov. 4, 2005) (citing *Red Stripe*, 792 F. Supp. at 1341).

      ii.    *Preparation of Certificate of Assessments*

Mr. Moczik next argues that the United States has not met its burden of establishing that the 2006 tax year assessment was properly made because the presumption of correctness to which a Certificate of Assessments is normally entitled does not arise where the Certificate was prepared and executed after the expiration of the statute of limitations.[4]  In support of this contention, Mr. Moczik relies on *Stallard v. United States*, 806 F. Supp. 152 (W.D. Tex. 1992).  In *Stallard*, the Western District of Texas held that the presumption of correctness did not apply to the Certificate of Assessments in that case because it was "prepared and executed on February 10, 1992; subsequent to the filing of the lawsuit and, more importantly, subsequent to December 31, 1990, the date the extended statute of limitations expired." 806 F. Supp. at 158–59.  The court then stated that if it were to accept "this as presumptive proof that a valid assessment occurred or as any evidence that a valid assessment occurred, the statute of limitations becomes meaningless." *Id.* at 159.

---

[4] The Certificate of Assessments for the 2006 tax year was prepared on October 7, 2021, after the expiration of the statute of limitations as calculated by the United States (Doc. 39-3 at 1).

9

As the United States points out, however, although the *Stallard* decision was affirmed on appeal, this aspect of the decision was reversed by the Fifth Circuit. Indeed, the Fifth Circuit stated:

> The district court held that the IRS failed to assess the penalty tax before the statute of limitations expired. The district court concluded that our opinion in *Brafman v. United States* requires that all provisions of Treasury Regulation § 301.6203-1 must be met within the limitation period. Although the summary record of assessment on Form 23C was prepared timely, the supporting document, Form 4340—which provided the information identifying the taxpayer, the character of the tax, and the applicable tax period as required by § 301.6203-1—was not prepared until February 10, 1992, more than one year after the extended limitation period expired.
>
> As conceded by Stallard, though, the district court erred by reading *Brafman* too broadly. We held in *Brafman* that the "assessment certificate" must be timely signed by the appropriate official; but the certificate we were referring to in that opinion was the summary record of assessment named in § 301.6203-1. That holding is consistent with § 301.6203-1, which provides that "the assessment shall be made by an assessment officer signing the summary record" and "[t]he date of assessment is the date the summary record is signed by an assessment officer." In contrast, to extend *Brafman* to require that the supporting record must also be prepared within the prescriptive period would place *Brafman* in direct conflict with the plain language of § 301.6203-1.

*Stallard v. United States*, 12 F.3d 489, 493–94 (5th Cir. 1994) (footnotes omitted); *see also United States v. Korman*, No. 08-81090-CIV, 2009 WL2195329, at *5 (S.D. Fla. Apr. 23, 2009) ("The Defendant's reliance on *Brafman* is misplaced. *Brafman* involved Form 23C, Assessment Certificate—Summary Record of Assessments; it did not involve Form 4340, Certificate of Assessments and Payments."); *Johnson*, 861 F. Supp. 2d at 617 (stating that plaintiff's reliance on *Stallard* to support the proposition that the court may not rely upon the Forms 4340 because they were prepared outside of the limitations period was misplaced because the Fifth Circuit "firmly rejected this conclusion on appeal" and that other courts "considering the issue have unanimously agreed").

Considering the foregoing, the United States has met its burden of proof. Mr. Moczik has failed to identify any evidence rebutting the dates and amounts on the Certificate of Assessments and has likewise failed to meaningfully challenge their validity. As a result, the undersigned recommends granting Plaintiff's Motion with respect to Count II of the Complaint.

### B. Count III – Declaratory Judgment

Plaintiff also moves for summary judgment on Count III of the Complaint, which seeks a declaratory judgment that its tax liens against Mr. Moczik are enforceable against the Subject Property. The Internal Revenue Code provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. "Under the succeeding § 6322, the lien generally arises when an assessment is made, and it continues until the taxpayer's liability 'is satisfied or becomes unenforceable by reason of lapse of time.'" *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719 (1985) (quoting 26 U.S.C. § 6322). The statutory language of § 6321 "is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *Id.* at 719–20. This includes property that may have homestead protection or be held as a tenancy by the entirety. *See United States v. Rodgers*, 461 U.S. 677, 701 (1983) (holding that the Supremacy Clause allows the United States to "sweep aside state-created exemptions" including homestead); *United States v. Craft*, 535 U.S. 274, 288–89 (2002) (holding that federal tax lien attached to husband's interest in property held in a tenancy by the entirety).

Defendant does not dispute Plaintiff's arguments regarding the attachment of tax liens to the Subject Property outside of challenging the enforceability of the underlying assessment for the 2006 tax year, as set forth in the preceding section. Because those arguments fail, however, the tax liens for the 2005 and 2006 tax years attach to Mr. Moczik's interest in the Subject Property. Accordingly, the undersigned recommends granting Plaintiff's Motion for Summary Judgment with respect to Count III of the Complaint.

## IV.     CONCLUSION

For the reasons stated above, it is **RECOMMENDED**:

1. Plaintiff's Motion for Summary Judgment as to the United States' Claims Against Defendant Ernest C. Moczik (Doc. 39) be GRANTED.

**IT IS SO REPORTED** in Tampa, Florida, this 26th day of September 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.

cc:     Hon. Kathryn Kimball Mizelle