UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No: 8:21-cv-1042-KKM-SPF

BARBARA C. WALZ and
ERNEST C. MOCZIK,

    Defendants.
_____

## ORDER

On April 30, 2021, the United States filed suit against Mr. Moczik for unpaid income taxes based on an audit of his 2005 and 2006 taxes. (Doc. 1.) The United States seeks a monetary judgment and a declaratory judgment that the United States holds valid federal tax liens for these liabilities that are enforceable against Moczik's interest in the real property located at 621 Kingston Court, Apollo Beach, FL 33572. (Doc. 1 ¶ 1.) Moczik denied the allegations (Doc. 25) and the United States filed a motion for summary judgment. (Doc. 39.) In response, Moczik does not offer any evidence to contest the assessments for tax year 2005. However, he argues that the United States' claim is barred by the statute of limitations. (Doc. 45.) Moczik does not contest the attachment of tax liens to the Subject Property alleged in Count III outside of challenging the underlying

assessment from tax year 2006. (*Id.* at 12.) For the reasons explained in the Magistrate Judge's Report and Recommendation, the United States' Motion for Summary Judgment is granted.

After reviewing the motions, the Magistrate Judge recommended that the Court grant summary judgment to the United. (Doc. 48.) Moczik filed an objection, re-stating his argument in his Response to Plaintiff's Motion for Summary Judgment that discovery is required to determine the accuracy of the certificate of assessment. (Doc. 49.) The Court reviews the Magistrate Judge's recommendation de novo. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

After a complete review, the Court agrees with the Magistrate Judge. As the Magistrate Judge explained, the Internal Revenue Code requires a filing within ten years after the assessment of the tax, and the United States assessed the liability in May 2011. (Doc. 48 at 6.) Although the United States filed a Form 4549 on January 10, 2011 (just over ten years before filing the present action), the Form was not an assessment for the purposes of the statute of limitations. (*Id.*) An assessment must be signed by an assessment officer, and the United States filed a Certificate of Assessments on May 2, 2011. (*Id.* at 7.) Because Certificates of Assessment are presumed to be correct, and Mr. Moczik has failed to meet his burden to overcome that presumption, the date listed on the Certificate of Assessment is presumed correct, and the statute of limitations has not run. (Doc. 48 at 7.)

2

Plaintiff is also entitled to summary judgment on Count III of the Complaint, regarding the declaratory judgment. As the Magistrate Judge explained, a lien arises when an assessment is made and continues until the taxpayer's liability is satisfied or becomes unenforceable. (*Id.* at 11.) Because Moczik has failed to show that the present action was filed outside of the statute of limitations, his argument that the underlying assessment is unenforceable fails.

Accordingly, the following is **ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. 40) is **ADOPTED** and made a part of this Order for all purposes.

2. Plaintiff's Motion for Summary Judgment as to the United States' Claims Against Defendant Ernest C. Moczik (Doc. 39) is **GRANTED**.

3. The Clerk is directed to **TERMINATE** any pending motions and deadlines, to **ENTER JUDGMENT** in favor of Plaintiff, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on October 11, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

3